OA 91 Criminal Complaint

# United States District Court

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

UNITED STATES OF AMERICA
V.

RONALD WILLIAM MADEIROS

**FILED**
OCT 2 6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRIMINAL COMPLAINT

Case Number: 4-07-70633

WDI

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about September 16, 2007 in Alameda County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)
knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely, approximately 178 grams of a mixture or substance containing a detectable amount of methamphetamine,

in violation of Title 21 United States Code, Section(s) 841(a)(1) and 841(b)(1)(B)(viii)

I further state that I am a(n) Inspector for the San Francisco Police Department and that this complaint is based on the following facts:
                               Official Title

See Attached Affidavit Of Philip Fee In Support Of Criminal Complaint And Arrest Warrant.

Maximum Penalties: 40 years imprisonment (mandatory minimum 5 years imprisonment), $2,000,000 fine, lifetime supervised release (mandatory minimum 4 years supervised release), and $100 special assessment.

NO BAIL ARREST WARRANT REQUESTED.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved
As To
Form: James C. Mann
       AUSA

Philip Fee
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

October 26 2007
Date

at San Francisco, California
   City and State

Edward M. Chen          United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

Document No.
District Court
Criminal Case Processing

# AFFIDAVIT OF PHILIP FEE IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Philip Fee, being duly sworn, declare and state the following:

1. I am a Sergeant/Inspector assigned to the Narcotics Division of the San Francisco Police Department (SFPD). I have been employed with the SFPD for approximately eighteen years. Over the past five years, I have been designated as a Task Force Officer to a joint drug Task Force initiative of the SFPD and Drug Enforcement Administration (DEA).

2. Over the course of my career, I have participated in more than five hundred investigations of illicit drug traffickers. These investigations have involved the use of undercover officers and confidential informants, physical surveillance, investigative interviews, and have led to the execution of search warrants and arrest warrants. Specifically, I have assisted in the execution of more than two hundred warrants to search particular places or premises for controlled substances and/or related paraphernalia, indicia and other evidence of violations of both state and federal drug narcotics statutes. I have also been actively involved as a case agent in over fifty state and federal investigations and have talked with over fifty confidential informants involved in the trafficking of narcotics.

3. I have received specialized training in narcotics investigation matters, including drug identification, detection, interdiction, and money laundering techniques and schemes. I have been qualified as a narcotics expert in Superior Court in San Francisco, California. I have also received over two hundred hours of comprehensive, formalized classroom instruction in topics pertaining to narcotics trafficking.

4. This affidavit is being submitted in support of a criminal complaint charging Ronald William MADEIROS (hereinafter referred to as "MADEIROS") with possession with the intent to distribute methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii). This affidavit is also being submitted in support of an arrest warrant authorizing the arrest of MADEIROS.

5. The facts set forth in this affidavit are derived from my personal review of official police reports, my personal participation in the investigation and upon the observations and investigative efforts of other law enforcement personnel who provided information to me.

6. From my review of the "Search Warrant" authorized by Alameda County Superior Court Judge Robert Kurtz on September 13, 2007 and the "Statement Of Probable Cause Of Ofc. Ricardo Valdez" submitted in support of the application for the same Search Warrant, I understand that on September 13, 2007, San Francisco Police Officer Ricardo Valdez appeared before Alameda County Superior Court Judge Robert Kurtz and applied for a search warrant for the person of Ronald William MADEIROS and his residence located at 882 West Sunset Boulevard, Hayward, California. The Honorable Judge Kurtz authorized the Search Warrant. The Search Warrant authorized the search for and seizure of, among other things, methamphetamine, packaging paraphernalia, U.S. currency, and firearms.

7. From my review of the San Francisco Police Department Incident Report in this case, I understand the following:

    A. On September 16, 2007 at approximately 5:00 PM, San Francisco Police Narcotics Officers executed the Search Warrant of MADEIROS and his

residence at 882 West Sunset Boulevard, Hayward, California. The search and subsequent arrest of MADEIROS was documented in San Francisco Police Incident Report 070951295.

    B.    Upon entry and search of MADEIROS' residence, Officers located a loaded firearm, plastic packaging material, and a stand-up safe in the rear bedroom. MADEIROS was in possession of the keys that opened the safe. Upon opening the safe, Officers located numerous plastic baggies of a crystalline-like substance that appeared to be methamphetamine. Also in the safe was, among other things, indicia in the name of Ronald MADEIROS, digital scales, and $3,049.00 in U.S. currency.

    C.    MADEIROS admitted to Officer Nastari that the narcotics and firearm seized during the search belonged to him and not his girlfriend who resides at the same residence. MADEIROS admitted to Officer Nastari that he had "been in the game" with marijuana for five years and methamphetamine for two years. Given my training and experience, I understand MADEIROS' reference to being "in the game" to mean that he has been distributing marijuana and methamphetamine for the stated periods of time.

7.    From my review of the Report of S.F.P.D. Crime Lab Narcotics Analysis in this case, I understand the following:

    A.    The report was prepared by SFPD Criminalist Renfroe, who conducted an analysis on the suspected narcotics seized. Criminalist Renfroe determined that the crystalline-like substance seized from the safe at MADEIROS' residence at 882 West Sunset Boulevard, Hayward, California was

approximately 178.57 grams of a mixture or substance containing a detectable amount of methamphetamine.

8.  Based on my training and experience, the items found inside the bedroom, such as the U.S. currency, plastic packaging material, and digital scales, and MADEIROS' admissions described above, I believe MADEIROS possessed the methamphetamine with the intent to distribute it. Methamphetamine users have informed me that a typical dose of methamphetamine is one gram.

## CONCLUSION

9.  Based on the foregoing, as well as on my training and experience, there is probable cause to believe that MADEIROS did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely, approximately 178 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii). I therefore respectfully request that the Court issue the requested criminal complaint and arrest warrant.

_____
Philip Fee
SFPD Inspector/DEA Task Force Officer

SUBSCRIBED AND SWORN BEFORE ME
THIS ___ DAY OF OCTOBER 2007.

_____
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA