FREDERICK R. REMER, Esq.
LAW OFFICES OF FREDERICK R. REMER
State Bar No.: 152727
1260 B Street, Suite 220
Hayward, CA 94541
Telephone: (510) 887-6880
Fax: (510) 537-8852

HARRIS B. TABACK, Esq.
LAW OFFICES OF HARRIS B. TABACK
State Bar No.: 111017
345 Franklin Street, Suite 102
San Francisco, CA 94102
Telephone: (415) 241-1400
Fax: (415) 565-0110

Attorneys for Defendant
RONALD WILLIAM MADEIROS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: CR-07-00699-01 CW |
| Plaintiff, | **DEFENDANT RONALD WILLIAM MADEIROS' SENTENCING MEMORANDUM** |
| vs. | |
| RONALD WILLIAM MADEIROS, | Date: July 9, 2008 |
| Defendant. | Time: 2:00 p.m. |
| | Court: Honorable Claudia Wilken |

COMES NOW the Defendant, RONALD WILLIAM MADEIROS, by and through undersigned counsel, who respectfully submits this sentencing memorandum. The defense has read the final draft of the pre-sentence report and has no objections to the facts, personal history information, guidelines calculation or the recommended sentence of 140 months. We agree with the Probation Officer's consideration of 18 U.S.C. Section 3553(a) factors (physical and sexual abuse as a child; long standing drug addiction; an over-stated criminal history; positive employment history; and unconditional family support) to warrant a sentence below the guidelines range of 188-

235 months. The plea agreement gives MADEIROS the right to argue 3535(a) factors to support a sentence of no less than 120 months. As much as he would like to receive a sentence of 120 months, the defense feels that the Probation Officers analysis of the 3553(a) factors and the recommended sentence of 140 months is both compassionate and reasonable.

I.

A SENTENCE BELOW THE GUIDELINES RANGE IS REASONABLE

1. The General Procedure For Sentencing

In determining a reasonable sentence, the Court ultimately must consider factors enumerated in 18 U.S.C. 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant and the need for the sentence to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford deterrence; and provide the defendant with needed educational or vocational training or other corrective treatment in the most effective manner.

With the guidelines now rendered advisory, this Honorable Court enjoys the power to consider factors that a mandatory application of the guidelines were prohibited from consideration. In the aftermath of Booker, the Court must consider the factors referenced in 18 U.S.C. 3553(a) and the sentence must be sufficient, but not greater than necessary to punish the defendant. A sentencing court does not enjoy the benefit of a legal presumption that the guidelines should apply. Rita V. United States , _____U.S. _____ (2007); 07 C.D.O.S. 7125, 7127.

In both Gall V. United States, _____U.S.____, 128 S. Ct. 586 (2007) and Kimbrough V. United States, _____ U.S. _____, 128 S. Ct. 558 (2007) the Supreme Court recently restored enormous discretion to the sentencing court and made very clear that the federal sentencing guidelines are not presumed reasonable and are not the mandatory sentence.

In a useful practice guide for post-booker sentencing, the court in Gall lays out the procedure to be undertaken by a District Court at sentencing:

(A) "[A] district court should begin all sentencing proceedings by correctly calculating the applicable guidelines range. As a matter of administration and to secure nationwide

1  consistency, the guidelines should be the starting point and the initial benchmark.  The guidelines
2  are not the only consideration, however.  (Id., 128 S. Ct. at 596)
3      (B) "[A]fter giving both parties an opportunity to argue for whatever sentence they deem
4  appropriate, the district judge should then consider all of the section 3553(a) factors to determine
5  whether they support the sentence requested by a party.  In so doing, he may not presume that the
6  guidelines range is reasonable...He must make an individualized assessment based on the facts
7  presented."  (Id. At 596-597)
8      © "If [the district court] decides that an outside - guidelines sentence is warranted, he
9  must consider the extent of the deviation and ensure that the justification is sufficiently
10 compelling to support the degree of the variance.  We find it uncontroversial that a major
11 departure should be supported by a more significant justification than a minor one."  (Id. At 597)
12     (D) "After settling on the appropriate sentence, the [district court] must adequately
13 explain the chosen sentence to allow for meaningful appellate review and to promote the
14 perception of fair sentencing."  (Id. At 597)
15     The Supreme Court then turned to sentencing appellate procedure and held that "[I]f the
16 sentence is outside the guidelines range, the [appellate] court may not apply a presumption of
17 unreasonableness.  It may consider the extent of the variation, but must give due deference to the
18 district court's decision that the section 3553(a) factors, on a whole, justify the extent of the
19 variance."  (Id. At 597)
20     In Gall, Justice Stevens emphasized that an appellate court cannot substitute its
21 judgement for the sentencing judge and noted that the fact that an appellate court might
22 reasonably have concluded that a different sentence was appropriate is insufficient to justify
23 reversal of the district court.  Id. At 597.
24     This approach to sentencing (and to appellate review of sentences) pragmatically honors
25 the experience and judgement of the district court.
26     2.  The Initial Guidelines Calculations
27     In the present case the defense agrees with the guidelines calculations as provided by the
28 United States Probation Officer.

      3.  3553(a) Factors Warrant A Variance To A Sentence of 140 Months

MADEIROS' childhood has been documented in the pre-sentence report.  He was sexually molested by his mother's boyfriend (who was also his little league coach) beginning at age 10.  It started with the male adult masturbating and kissing MADEIROS and quickly turned into the adult orally copulating and penetrating him.  The act of penetration happened at least 10 times and terminated only when MADEIROS' mother ended her relationship with the perpetrator.

Clearly, there is a link between this sexual abuse and the physical abuse he suffered from his father before he was abandoned by him that led to MADEIROS' drinking in the 7th grade and marijuana and methamphetamine use that began in the 8th grade.

During the period of 7th through 11th grade, MADEIROS was an active poly substance abuser that resulted in behavioral problems at school and ultimately expulsion. Between the ages of 16 and 30, he used approximately one gram of methamphetamine on a regular basis (when not incarcerated).   Beginning at age 16 he also would use it with and purchase it from his father.  This lack of youthful guidance from his father, who was absent for years, is particularly tragic.  At a time when MADEIROS was suffering from the trauma of abuse and lack of a responsible adult  male figure, his own father offers methamphetamine use and sales as a bonding experience.

His father now has approximately five drug sales convictions for methamphetamine and was recently released from his last parole in 2008.

MADEIROS was able to keep his demons at bay for approximately 12 years after his 1995 parole.  During that time he did manage to have steady employment.  He never had drug counseling as an adult and his addiction came back into his life in 2007 in a way that resulted in his regular use of methamphetamine up until the time of his arrest.

His family and employer speak to the side of MADEIROS that shows a man who is not beyond redemption and is deserving of compassion.

The pre-sentence report concludes (Sentencing Recommendation, page 2):

Pursuant to 18 U.S.C. 3553(a), the probation officer took into consideration a

variety of factors in determining an appropriate sentence for the defendant.  As noted earlier, though the defendant was raised with a supportive mother, he longed for acceptance from his abusive father. The defendant suffered both physical and sexual abuse from an early age, and battled a longstanding drug addiction.  Despite his many difficulties, the defendant was reportedly able to cease his substance abuse and maintain consistent employment for several years. The defendant's longest term of imprisonment was three years in 1993.  This officer believes that the defendants' criminal history is over-stated, based on the age of his convictions (his last conviction was in 1995 for Petty Theft), and the fact that his only two scoreable convictions have qualified him as a career offender..... Additionally, a variance based on 3553(a) factors is also appropriate. The defendant has the unconditional support of his mother and sister, and with a positive employment history, it is hoped that the defendant will complete the positive turn around that he began several years ago, which was interpreted with the instant offense.

A sentence of 140 months is recommended.....

For all of the above stated reasons the defense agrees that the recommended sentence from the United States Probation Officer is reasonable.

> We have done with Hope and Honor
> We are lost to Love and Truth,
> We are dropping down the ladder rung by rung,
> And the measure of our torment is the
> measure of our youth
> God help us, for we know the worst too young!

Rudyard Kipling (taken from the poem Gentleman-Rankers)

Indeed, MADEIROS knew close to the worst at a very young age.  He does have a mother and sister who love him and he will be missed by them.

## CONCLUSION

> A violent order is disorder;
> A great disorder is an order. These

Two things are one

Wallace Stevens, Connoisseur of Chaos (1942)

Stevens, the poet (and perhaps the justice as well) understood that a system that is too rigid - a system whose inflexibility undermines its core principles – jeopardizes its very existence.  By contrast, a system that tolerates some disparity in the interest of a greater sense of justice can produce a workable order.  Kimbrough and Gall embrace the poets' wisdom in the context of the federal sentencing guidelines.

What appeared to be true after Booker and Rita has been reaffirmed and amplified in Gall and Kimbrough: district courts have finally been given the tools to achieve all of the goals of the Sentencing Reform Act.  All defendants are to be sentenced as individuals and pursuant to section 3553(a).  The sentence must be reasonable and fair and tailored to the defendant.

MADEIROS needs to be severely punished for his crime.  His past criminal activity must also be considered.  When determining a reasonable sentence to achieve the goals of the Sentencing Reform Act, the sentence imposed must not be greater than necessary to punish the defendant.

When the 3553(a) factors are considered, the guidelines low end sentence of 188 months is greater than necessary to adequately punish him and afford deterrence.

The recommended sentence in the pre-sentence report of 140 months accomplishes all of the sentencing goals and demonstrates that our system of justice has compassion and is guided by our better angels.

Dated: July 2, 2008                      Respectfully Submitted,

                                         LAW OFFICES OF FREDERICK R. REMER



                                         By:         // S //
                                              _____
                                              FREDERICK R. REMER

/////////


1  LAW OFFICES OF HARRIS B. TABACK

2

3

4  By: _____// S //_____

5      HARRIS B. TABACK

6  Attorneys for RONALD WILLIAM MADEIROS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28