JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JAMES C. MANN (CABN 221603)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3705
   Facsimile:  (510) 637-3724
   E-Mail:    James.C.Mann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-07-0699 CW |
| )  Plaintiff, ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. ) | |
| ) RONALD WILLIAM MADEIROS, ) | **Sentencing Date: July 9, 2008, 2:00 p.m., The Honorable Claudia Wilken** |
| ) Defendant. ) | |

The United States of America requests that defendant Ronald William Madeiros be sentenced to 188 months imprisonment, the low end of the United States Sentencing Guidelines ("Guidelines") range for Career Offenders, and four years of supervised release.

**INTRODUCTION**

The instant offense is defendant's fifth drug-trafficking conviction over the course of twenty years. Presentence Investigation Report ("PSR") ¶¶ 31-34. Additionally, although defendant has apparently avoided arrest since 1995, defendant told the United States Probation Office ("USPO") that he had been selling methamphetamine for 18 months before the instant arrest (Id. at ¶ 10); and, at the time of his arrest, defendant told officers he had "been in the game" with marijuana for five years and methamphetamine for two years. Id. at ¶ 7.

In addition to defendant's four prior drug-trafficking convictions, at least one of which involved the possession of firearms, defendant has a 1986 misdemeanor conviction for possession of a dangerous weapon and two felony burglary convictions from 1983 and 1984. Id. at ¶¶ 28-30. Defendant's conduct in the instant offense and his criminal history are exactly the type targeted by the Guidelines' Career Offender designation. The United States, therefore, recommends that a reasonable and appropriate sentence is 188 months imprisonment, which is the low end of the Career Offender Guidelines range.

## FACTUAL BACKGROUND

The PSR adequately sets forth the criminal activity. Consequently, the United States will not repeat the information in this section.

## ARGUMENT

**I. PURSUANT TO THE SENTENCING GUIDELINES, DEFENDANT SHOULD BE SENTENCED TO 188 MONTHS IMPRISONMENT AND FOUR YEARS OF SUPERVISED RELEASE.**

The parties agree that defendant is a "Career Offender," and agree with the Guidelines calculations set forth in the PSR resulting in a total offense level of 31 and a criminal history category of VI. PSR ¶¶ 25, 37. The United States recommends a sentence of 188 months imprisonment, the low end of the Guidelines range.

**II. APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES THAT A SENTENCE OF 188 MONTHS IMPRISONMENT AND FOUR YEARS OF SUPERVISED RELEASE IS REASONABLE.**

The Supreme Court recently stated that, the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in practice." Rita v. United States, 127 S. Ct. 2456, 2464 (2007). These factors or considerations include: (1) the nature and seriousness of the offense and the history and characteristics of the defendant; and (2) the need for the sentence to promote respect for the law, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and provide the defendant with needed training and medical care. 18 U.S.C. § 3553(a).

////

////

A. **A Sentence Of 188 Months Imprisonment Reflects The Seriousness Of Defendant's Instant Conduct And His History Of Criminal Conduct.**

Defendant's drug-trafficking operation was neither insignificant nor unplanned. In the instant case, the San Francisco Police Department executed a search warrant on defendant's apartment, where he lived with his girlfriend and her five year-old daughter, and recovered the following from defendant's bedroom: (1) a loaded 9mm Ruger handgun with an obliterated serial number and a methamphetamine pipe located on the bed; (2) a locked safe containing: (a) over 170 grams (over 6 ounces) of methamphetamine; (b) over 636 grams of marijuana (almost 23 ounces); (c) prescription pills; (d) $3,049.00 in cash; and (e) three digital scales; (3) packaging material; and (4) 35 live rounds of ammunition located in a second small safe. PSR at ¶¶ 7, 13. Defendant admitted that he owned the drugs, money, and handgun, and stated that he had the gun for "protection." Id. at ¶ 7.

That defendant maintained a loaded handgun within easy reach in the same room as his controlled substances and cash, demonstrates an apparent willingness to protect his drug-trafficking operation with violence. Id. Defendant, thereby, exposed the community-at-large to danger; and, he exposed his girlfriend and his girlfriend's five year-old daughter, who lived at the residence, to potential danger.

Moreover, defendant's conduct in the instant offense is almost identical to the conduct giving rise to his 1991 conviction for possession of methamphetamine for sale (his only prior drug-trafficking conviction for which an incident report is available). Id. at ¶ 33. In 1990, officers conducted a parole search at defendant's home and recovered the following: (1) two loaded .25 caliber pistols; (2) two police scanners; (3) video surveillance equipment; (4) methamphetamine; (5) marijuana; (6) Valium; (7) syringes containing methamphetamine; (8) a pipe containing hashish; and (9) a safe containing: (a) additional methamphetamine; (b) a grinder; (c) two scales; and (d) ammunition. Id. Again, defendant's possession of two loaded firearms demonstrates an apparently willingness to use violence to protect his operation.

Defendant's serious and repeated drug-trafficking while in possession of firearms warrants the Career Offender designation and a sentence of 188 months imprisonment.

**B.    A Sentence Of 188 Months Imprisonment Is Necessary To Protect The Public, Afford Adequate Deterrence, And To Promote Respect For The Law.**

Defendant's conduct in the instant case demonstrates a pattern of behavior. The instant offense is defendant's fifth drug-trafficking conviction in the past 20 years, and defendant admits that he had been trafficking in marijuana for five years prior to his arrest and in methamphetamine for two years prior to his arrest. PSR ¶¶ 7, 31-34. Moreover, this is at least defendant's third conviction involving the possession of dangerous weapons: defendant sustained a 1986 misdemeanor conviction for possession of a dangerous weapon, and a 1991 felony conviction for possession of a controlled substance for sale, during which defendant possessed two loaded handguns. Id. at ¶¶ 30, 33.

Defendant's four previous convictions for drug trafficking resulted in a total sentence of 92 months imprisonment, which apparently did not deter defendant's continued criminal conduct. Id. at ¶¶ 31-34. A sentence of 188 months imprisonment, will therefore, protect the public from and adequately deter defendant's future criminal conduct.

**C.    A Sentence Of 188 Months Imprisonment May Provide Defendant With Necessary Training And Medical Care.**

Defendant admits to a long history of substance abuse dating back approximately 28 years. PSR ¶ 47. Defendant reports that he consistently used methamphetamine for approximately 15 years between the ages of 15 and 30 and that he began using methamphetamine again in 2007. Id. Additionally, defendant reports that, although he stopped using methamphetamine between ages 30 and 41, he continued to use marijuana during that time. Defendant's only drug treatment to date was apparently a 10-month program more than 20 years ago. Thus, it is apparent both from defendant's prior drug-related convictions and his own admissions regarding his drug abuse, that defendant could benefit from an intense drug treatment program.

////

////

////

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR-07-0699 CW                             -4-

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court determine that defendant's Guidelines offense level is 31 and his criminal history category is VI. The United States further respectfully requests that, taking into consideration the sentencing factors set forth in section 3553(a), the Court sentence defendant to the low-end of the applicable Guidelines range for Career Offenders, namely, 188 months imprisonment, impose a four-year term of supervised release (under the terms and conditions recommended by the USPO), and order defendant to pay a $100 special assessment.

DATED: July 2, 2008                              Respectfully submitted,

                                                 JOSEPH P. RUSSONIELLO
                                                 United States Attorney


                                                 _____/s/_____
                                                 JAMES C. MANN
                                                 Assistant United States Attorney