IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 07-699 CW |
| Plaintiff, | ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE |
| v. | |
| RONALD WILLIAM MADEIROS, | (Docket No. 25) |
| Defendant. | |
| _____/ | |

On July 18, 2014, the United States Sentencing Commission (USSC) promulgated an amendment to Policy Statement 1B1.10, authorizing retroactive changes to the guidelines applicable to sentences imposed for certain drug-related convictions. Defendant Ronald Madeiros has filed a pro se motion to modify his term of imprisonment, citing the USSC's amendment. Docket No. 25. On April 2, 2015, the Office of the Federal Public Defender filed a notice of non-intervention, stating that it had reviewed Defendant's request and that it would neither pursue appointment of counsel nor intervene in the matter. Docket No. 26. On May 15, 2015, the United States Probation Office (USPO) filed a Sentence Reduction Investigation Report. Docket No. 27. In its Report, the USPO informs the Court that Defendant is not eligible for a modification of sentence because his total offense level was determined pursuant to the Career Offender provisions and not the drug offense.

On November 1, 2007, a two-count information was filed against Defendant. Docket No. 2. Count one charges a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), possession with intent to distribute methamphetamine mixture. Count two charges a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), possession with intent to distribute marijuana. On April 23, 2008, the Court accepted Defendant's plea of guilty to count one. Docket No. 16. The plea agreement calculates an Adjusted Offense Level of 31, utilizing USSG § 4B1.1(b)(B) to begin with a Base Offense Level of 34. USSG § 4B1.1(b)(B) provides sentencing guidance for career offenders. Defendant's sentencing guideline range was calculated to be 120-188 months, based upon an adjusted offense level of 31. Docket No. 17. On July 9, 2008, the Court sentenced Defendant to a term of imprisonment of 144 months. Docket No. 21.

The Court agrees with the USPO's conclusion that Defendant is ineligible for a modification of his sentence. The Court sentenced Defendant according to a guideline range calculated based on the Career Offender provisions, which were unaffected by the above-cited USSC amendment. Accordingly, Defendant's motion for modification of sentence is DENIED. Docket No. 25.

IT IS SO ORDERED.

Dated: 05/22/2015

CLAUDIA WILKEN
United States District Judge

2